JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Catherine Brady, appeals the probate court's award of attorney's fees to the appellee, John McCaffrey. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On April 13, 2005, the appellee filed an application seeking payment of attorney's fees in the amount of $30,280, as well as an application seeking payment of expenses in the amount of $4,468.76. The fees and expenses requested in the application were incurred as the result of the appellee's service as attorney and guardian of the estate of Nora Brady. On May 5, 2005, the appellant filed preliminary objections to the appellant's application. She filed an additional objection on May 10, 2005. A hearing regarding the application was held in the probate court on May 11, 2005. At the close of the hearing, the probate judge permitted the appellee to submit further documentation in support of his application. On May 12, 2005, the appellee submitted documents to the probate court evidencing his fees and expenses incurred during his service as guardian and attorney for the estate of Nora Brady. On May 16, 2005, the probate court issued a judgment authorizing the appellee to collect attorney's fees and expenses. On June 13, 2005, the appellant filed this appeal.
 {¶ 3} The events that gave rise to the present action began on January 17, 2000, when the appellee was appointed guardian of the estate of Nora Brady. Upon accepting the guardianship, he agreed to an hourly rate of $125 per hour, which rate was established by the probate court. At the close of the guardianship, the appellee filed an application to collect attorney's fees and expenses. After providing the probate court with an itemized list of fees and expenses incurred, the probate court issued a judgment in his favor.
 {¶ 4} The appellant now brings this appeal asserting fourteen assignments of error for our review.[1] She argues that the probate court erred when it awarded attorney's fees and expenses to the appellee. Specifically, she asserts that the appellee's record of expenditures contained charges unsupported by credible and compelling evidence. As a result, the appellant contends that the probate court's award was against the manifest weight of the evidence.
 {¶ 5} This court notes that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. The trial court is in the best position to weigh the credibility of the proffered testimony, thus an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 10 Ohio B. 408, 461 N.E.2d 1273. The trier of fact observes the witnesses and their demeanor, gestures, and voice inflections, making the fact finder the best judge of credibility. Id.
 {¶ 6} The Ohio Supreme Court has found that this test applies to questions of sufficiency as well and that an appellate court may not substitute its judgment for that of the trial court.Columbia Oldsmobile, Inc. v. Montgomery (1990),56 Ohio St.3d 60, 564 N.E.2d 455.
 {¶ 7} The appellant asserts that the award of attorney's fees and expenses was improper; however, we do not agree. The record indicates that the appellee provided the probate court with a detailed itemized list of his fees and expenses incurred as a result of his representation and guardianship of Nora Brady's estate. The appellee not only listed the legal tasks completed on behalf of the estate, but also provided the date on which the tasks were performed and included the amount of time dedicated to completing each task. The appellee's list was highly organized and provided a thorough breakdown of every expense and fee associated with his representation of Brady's estate. Although the appellant argues that the appellee is not entitled to the fees he has requested, it is important to note that the majority of the fees in dispute were accrued as a result of the appellee having to defend the appellant's repeated appeals in reference to this matter. Although the appellant has adamantly pursued the appellate process because she believes she is entitled to relief, in doing so she has caused the appellee to incur costs and accrue fees, which he is entitled to receive.
 {¶ 8} The probate court carefully scrutinized the appellee's proposed fees and expenses to ensure accuracy in its award. The court determined that the appellee had provided a total of 243.8 hours of legal work to the estate of Nora Brady. After calculating the appellee's hourly fee, the court concluded that he was entitled to $30,280 in attorney's fees and to reimbursement of expenses in the amount of $4,468.76 incurred during the representation of the guardianship. In its journal entry granting judgment in favor of the appellee, the probate court stated that the fees and expenses claimed by the appellee were necessary and beneficial to the estate of Nora Brady, making the award reasonable and appropriate.
 {¶ 9} The court further indicated that the appellee took the proper oaths and signed the necessary documents to serve as a guardian for Brady's estate, entitling him to collect fees and expenses. Although the appellant argues that the appellee failed to file standard probate form 15.9, which contains the oath of the guardian, the probate court determined that the appellee fulfilled the requirement by signing probate form 15.2, which contains the fiduciary's acceptance. Probate forms 15.9 and 15.2 address different aspects of a guardianship; however, they contain similar language that encompasses the same obligations, duties and responsibilities. When evaluating whether the appellee was administered the proper oath, the probate court determined that by signing probate form 15.2, the appellee swore to uphold the same duties as he would have sworn to under probate form 15.9. Although the appellee made a procedural error by failing to sign probate form 15.9, we agree with the probate court's conclusion and find that no substantive error occurred.
 {¶ 10} It is clear that the appellee provided competent and credible evidence to support his request for attorney's fees and expenses. It is also clear that the probate court properly scrutinized the appellee's request to ensure that the award was accurate. The appellee has made every effort to be financially reasonable. In addition to outlining every expenditure associated with his representation of Brady's estate, the appellee has refrained from responding to the appellant's appeal in an effort to keep the estate's costs to a minimum. Accordingly, the probate court's award was not against the manifest weight of the evidence, and we affirm the judgment of the probate court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., concur.
 APPENDIX A
Appellant's assignments of error (all appear as written in her brief)
"I. The trial court erred as a matter of law in finding facts not in evidence by improperly stating that (1) the Eight District Court of Appeals had ruled that the Oath of Guardian was not mandated; and (2) the attorney guardian swore an oath when he filed the standard probate form 15.2, "Fiduciary's Acceptance" when such form does not incorporate an oath and where the attorney guardian failed to qualify himself for the performance of duties by executing by not filing Standard Probate Form 15.9, "Oath of Guardian" as mandated by R.C. 2111.01(C)(1).
"II. The Attorney Guardian failed to carry the burden of introducing sufficient evidence of the services performed, the reasonable value of such services and that the legal services performed were beneficial to the estate. Therefore, the trial court's award of attorney fees in the amount of $30,280.00 and expenses in the amount of $4,468.76 is against the manifest weight of the evidence.
"III. The trial court erred as a matter of law by allowing reimbursement to Appellee Guardian for fees incurred on two Complaints for Forcible Entry and Detainer that were dismissed by the Cleveland Municipal Court, Housing Division, for lack of jurisdiction, which actions and did not benefit the estate.
"IV. The trial court erred in reimbursing the Guardian Attorney for excessive fees incurred on a Complaint for Forcible Entry and Detainer where the record was void of sufficient evidence of the services performed, the reasonable value of the services and where the Guardian Attorney filed the Complaint during the pendency of a Declaratory Judgment Action regarding his breach of a contract to purchase the residence by Appellant.
"V. The trial court erred as a matter of law by allowing reimbursement to Appellee Guardian for fees incurred on appellate matters for which oral argument could not be made for lack of filing his Brief of Appellee and Assignment of Errors and where Appellee McCaffrey had testified in open court that he would not respond at the Appellate level to preserve the guardianship estate.
"VI. The trial court erred as a matter of law by reimbursing Appellee McCaffrey for contact with Bernard Brady and not the probate court appointed guardian of the person, Edward Brady.
"VII. The trial court erred in reimbursing Appellee McCaffrey for services connected with a guardianship established in Ramsey, County MN a legal proceeding not recognized in Cuyahoga County, Ohio and a proceeding for which Judge Donnelly had denied reimbursement of legal fees in the Guardian's Partial Account.
"VIII. The trial court erred in reimbursing Appellee McCaffrey for excessive travel time walking to the Cuyahoga County Courthouse on ex parte applications.
"IX. The trial court erred in reimbursing Appellee McCaffrey for fees connected with a Complaint before the Disciplinary Counsel and CNA Surety relating to his failure to take the Oath and overall unsatisfactory performance as a guardian.
"X. The trial court erred in reimbursing Appellee McCaffrey for attorney fees connected with Response to Interrogatories in Cleveland Municipal Court, Housing Division, for which he never provided an oath as required by the Ohio Rules of Civil Procedure.
"XI. The trial court erred in reimbursing Appellee McCaffrey for attorney fees related to improper excessive contact with an independent appraiser of the ward's residential real estate who became the broker of the sale to a nonfamily member while a contract to purchase by a family was pending.
"XII. The trial court erred in reimbursing Appellee McCaffrey for conference with Assistant Law Director regarding a Writ of Prohibition filed by Appellant against Cleveland Municipal Court, Housing Division, where Appellee McCaffrey was not a named party.
"XIII. The trial court erred in reimbursing Appellee McCaffrey for contacts with the Attorney General's office which was not a proper party to the Declaratory Judgement Action relating to the contract to purchase the residential real estate of the ward.
"XV. The trial court erred in reimbursing Appellee McCaffrey for excessive attorney fees where the family of the ward was not given any opportunity to mediate denying the ward and interested persons in her estate to the equal protection of the law."
[1] Appellant has raised fourteen assignments of error for our review. They are addressed jointly because each assignment of error challenges the probate court's award of attorney's fees as being against the manifest weight of the evidence. The assignments of error are included in Appendix A of this Opinion.